CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 09 2011

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MATTHEW JAMES FAISON, JR., ) | Misc. Case No. 7:11mc00043 |
|     Plaintiff, ) | Civil Action No. 7:11cv00429 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES SOCIAL SECURITY ) | |
| COMMISSION, et al., ) | By:  Samuel G. Wilson |
|     Defendants. ) | United States District Judge |

Plaintiff Matthew James Faison, Jr., a Florida prisoner proceeding pro se, brings this action alleging that he was denied access to courts.[1] Accordingly, the court will construe his action as a prisoner civil rights action to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). Faison did not submit the filing fee with his complaint and, therefore, the court liberally construes his complaint as a request to proceed in forma pauperis. However, at least three of Faison's previous actions or appeals have been dismissed as frivolous or for failure to state a claim upon which relief may be granted.[2] Therefore, Faison may not proceed with this action unless he either pays the $350.00 filing fee or shows that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Although not entirely clear from his submission, it appears that Faison is alleging that he was denied access to courts because other courts have failed to rule on his various cases or that those courts that did hear his cases, did so unfairly.

[2] The court takes judicial notice of the fact that the Faison has had dozens of actions dismissed by federal courts (as well as state courts) as frivolous and/or insufficiently pleaded. A sampling of decisions where courts have found that §1915(g) bars Faison from proceeding in forma pauperis follows: Faison v. Bank of America, No. 11-2758, 2011 U.S. Dist. LEXIS 46014 (E.D. Pa. Apr. 28, 2011); Faison v. Kaiser Aluminum Corp., No. 10-mc-51, 2010 WL 3419905, at *2-3 (E.D. Pa. Aug 26, 2010) (collecting cases); Faison v. Guerra, No. 04-cv-27, 2004 WL 758283, at *1 & n.1, 2 (N.D. Fla. Mar. 15, 2004) (observing in footnote 1 Faison's prolific use of aliases to aid his repeated filings in federal court, and recounting several of the cases dismissed as frivolous and at least one that was dismissed for perjury about the existence of prior lawsuits); Jackson a.k.a. Faison v. Crosby, No. 99-1085, docket no. 4 (M.D. Fla., order entered Nov. 3, 1999) (noting that Faison failed to list prior dismissed lawsuits on his form complaint and listing prior filings with that court dating back to 1984); see also Faison v. Florida, 45 So. 3d 919, 920-21 (Fla. Dist. Ct. App. 2010) (recounting Faison's frivolous filings in Florida state courts, finding "enough is enough," and precluding Faison from filing pro se pleadings related to his conviction).

As Faison has neither prepaid the filing fee nor demonstrated that he is "under imminent danger of serious physical injury,"[3] the court dismisses his complaint without prejudice and denies his motion to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(g).

The Clerk is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTER:** This 9th day of September, 2011.

United States District Judge

---

[3] It appears that the claim which Faison claims he was denied access to courts in pursing involves an equal protection claim against the Social Security Administration which occurred in 1975.